# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY DAVID HALLADAY,** | Case No. 2:18-cv-2067-JE |
| Petitioner, | **ORDER** |
| v. | |
| **RICHARD McGRAW,** Superintendent, Eastern Oregon Correctional Facility, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendations in this case on August 19, 2019. ECF 27. Judge Jelderks recommended that Petitioner Jeffrey David Halladay's Petition for Writ of Habeas Corpus (ECF 1) be denied, the case be dismissed with prejudice, and no certificate of appealability be issued.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. ECF 29. Petitioner objects to two of Judge Jelderks' findings. First, Petitioner objects to the finding that although the Parole Board (the "Board") did not retroactively apply OAR 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 (2017) (the "2017 Rule") to Petitioner's case, either the 2017 Rule or OAR 255-60-005 (1985) (the "1985 Rule") authorized the Board to order a psychological evaluation. Second, Petitioner objects to the finding that the 1985 Rule itself authorized the Board to order a psychological evaluation if the record indicated that a severe emotional disturbance might be present.[1] The Court has reviewed *de novo* those portions of Judge Jelderks' Findings and Recommendation to which Petitioner has objected, Petitioner's objections, Respondents' responses, and the underlying briefs.

---

[1] It is not clear whether Judge Jelderks found that the 1985 Rule authorized the Board to order a psychological evaluation. The relevant portion of his Findings and Recommendations reads: "I agree disagree [*sic*] with the Petitioner's contention that the Board had no authority to order a psychological evaluation prior to his exit interview under the rules that existed at the time of his crimes." ECF 27 at 8.

The Court respectfully disagrees with Judge Jelderks' finding that "there is no indication that the Board retroactively applied OAR 255-060-0012 [the 2017 Rule] to Petitioner's case." ECF 27 at 9. Petitioner attached the letter from the Board ordering him to undergo a psychological examination. The letter expressly informed Petitioner that the Board ordered a psychological evaluation pursuant to, among other things, the 2017 Rule. ECF 2 at 13 (Ex. 1). Specially, the first sentence of the Board's letter states: "The Board has ordered a psychological evaluation pursuant to ORS 144.125; ORS 144.223 *and OAR 255-060-0012* to be conducted by Dr. Gary R: McGuffin on or between approximately January 13, 2017 and February 13, 2017." *Id*. (emphasis added). This is evidence that the Board retroactively applied the 2017 Rule, which is OAR 255-060-0012, to Petitioner's case.

Further, the Court agrees with Judge Jelderks' finding that the 1985 Rule, by itself, authorizes the Board to order a psychological evaluation in Petitioner's case. The 1985 Rule permits the Board to order a psychological evaluation "if the record indicates that a psychiatric or psychological condition of severe emotional disturbance, such as to constitute a danger to the health or safety of the community, is present." OAR 255-60-005 (1985). It was not objectively unreasonable for the Board, after considering Petitioner's record and past crimes, to conclude that he presently suffers from such a condition. For those portions of Judge Jelderks' Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Jelderks' Findings and Recommendations. ECF 27. Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is **DENIED**. The Court declines to issue

a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 23rd day of December, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge